UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Abdulai Bangurah,

            Plaintiff,      Case No. 24-cv-11961

v.                              Judith E. Levy
                              United States District Judge
Gary Miniard,
                              Mag. Judge Kimberly G. Altman
           Defendant.

_____/

## ORDER SUMMARILY DISMISSING THE CASE

*Pro se* Plaintiff Abdulai Bangurah filed a complaint under 28 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a state inmate incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. (*Id.* at PageID.2, 5.) The Court granted him permission to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 7.) He eventually paid the filing fee in full. (ECF No. 8.) Because the complaint improperly challenges the validity of Plaintiff's sentence in a § 1983 action, the case must be dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), and pursuant to the screening

requirements imposed by the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

## I. Background

Plaintiff is serving a sentence for his 2014 Bay Circuit Court convictions of first-degree home invasion and first-degree criminal sexual conduct. (*See* ECF No. 1, PageID.6.) *See* Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=925406. In the complaint, Plaintiff alleges that he "is under a judgment of sentence that is invalid." (ECF No. 1, PageID.5; *see id.* at PageID.8.) According to Plaintiff, the prosecutor conceded that the sentencing guidelines were scored incorrectly, and that Plaintiff's "habitual status" should have been changed from three to two. (*Id.* at PageID.7–8.) Plaintiff states that, despite the concession, he was improperly sentenced as a third-time habitual offender rather than a second-time habitual offender. (*Id.*) Plaintiff seeks an order from this Court directing the state court to resentence him. (*Id.*)

2

## II. Legal Standard

The Prison Litigation Reform Act "requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e),[1] 1915A; 42 U.S.C. § 1997e). "A complaint can be frivolous either factually or legally." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Courts hold a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

---

[1] Section 1915(e)(2) requires the dismissal of a case "at any time" for the reasons listed above "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2).

### III. Discussion

Plaintiff seeks to invalidate his state-court sentence in this federal civil rights action. For the reasons set forth below, the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Heck* requires that before a § 1983 plaintiff may bring a civil action seeking relief from an unconstitutional conviction or imprisonment, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. "This 'favorable termination' requirement holds true regardless of the relief sought by the plaintiff, *id.* at 487–89, and regardless of the target of the prisoner's suit. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)." *Sutherby v. City of Southgate*, No. 23-cv-13112, 2024 WL 763334, at *2 (E.D. Mich. Jan. 25, 2024), *report and recommendation adopted*, No. 23-13112, 2024 WL 762364 (E.D. Mich. Feb. 22, 2024). Moreover, "*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d

4

880, 881 (6th Cir. 2019) (quoting *Heck*, 512 U.S. at 487); *see Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original)).

In this case, Plaintiff challenges the validity of his sentence. He seeks relief on the following basis: the prosecutor conceded that his sentencing guidelines were incorrectly scored, but the erroneous guidelines were nevertheless used to determine his sentence. Plaintiff has not alleged or proven that his conviction or sentence has been invalidated. And success on his claim would necessarily demonstrate the invalidity of the duration of his confinement. *See id.* Accordingly, Plaintiff's action is barred by *Heck*.

The proper instrument for a state prisoner to challenge a criminal conviction or sentence is a direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Bey v. Gulley*, No. CIV.A. 02-71395-DT, 2002 WL 1009488, at *2 (E.D. Mich.

5

May 6, 2002); *Sampson*, 917 F.3d at 881 ("The idea [behind *Heck*] is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." (citing *Wilkinson*, 544 U.S. at 81)); *Davis v. Lambros*, No. 2:22-cv-38, 2022 WL 702377, at *2 (W.D. Mich. Mar. 9, 2022) ("A state prisoner's challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973))). Here, the Court will not convert Plaintiff's civil rights complaint into a petition for a federal writ of habeas corpus. This court has stated that

> [w]hen a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.*

*Bey*, 2002 WL 1009488, at *2. Moreover, the Court elects to not convert this case into a habeas case because a petition for a federal writ of habeas corpus filed pursuant to § 2254 and a civil action brought under § 1983 implicate different parties, fees, and procedural requirements,

6

and they involve different standards for relief. *See Visner v. Gatza*, No. 19-11289, 2019 WL 3943168, at *1 (E.D. Mich. Aug. 21, 2019) (noting that "[t]here are a number of differences between a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and a motion in a civil action brought under 42 U.S.C. § 1983" and "declin[ing] to resurrect [the plaintiff's] § 1983 complaint and convert it to a § 2254 petition" because "the differences between a § 2254 petition and a § 1983 action will likely require a change in the parties, change in the relief requested, and some changes to the procedures governing the action and the claims raised").

Because *Heck* bars Plaintiff's action, the action is dismissed without prejudice. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) ("conclud[ing] that the district court properly dismissed [the plaintiff's § 1983 prisoner civil rights] complaint pursuant to 28 U.S.C. § 1915(e)(2)" in part because *Heck* "applie[d] to bar [the plaintiff's] claim"); *Bey*, 2002 WL 1009488, at *3 ("Because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice." (citing *Diehl v. Nelson*, 198 F.3d 244 (6th Cir. 1999); *Bell v.*

7

*Raby*, No. 99-72917, 2000 WL 356354, at *8 n.14 (E.D. Mich. Feb. 28, 2000))).

## IV. Conclusion

For the reasons stated above, Plaintiff's action is dismissed without prejudice under *Heck*. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

IT IS SO ORDERED.

Dated: November 4, 2025      s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager